ANDREW BAUM (SBN 190397)
abaum@glaserweil.com
OLIVIA M. WEISS (SBN 310788)
oweiss@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:   (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Defendants
*Kathryn Barger, Janice Hahn, Sheila Keuhl, Holly Mitchell, Mike Antonovich, Hilda Solis and Erika Jerez*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HERNAN OROZCO , | CASE NO.: 2:22-CV-007014-FLA(JCx) |
| Plaintiff, | Hon. Fernando L. Aenlle-Rocha |
| v. | |
| KATHRYN BARGER, JANICE HAHN, SHEILA KEUHL, HOLLY MITCHELL, HILDA SOLIS, MICHAEL ANTONOVICH, DON KNABE, ZEV YAROSLAVSKY, MARK RIDLEY-THOMAS, GLORIA MOLINA, JACQUELINE LACEY, STEPHEN L. COOLEY, MICHAEL DE ROSE, DIANE C. LABRUSCIANO, KAREN THORPE, ERIKA JEREZ, ANN I. PARK, SARBENAZ BAHAR, JEFFREY B. MARGUILES, CHRISTINE GOODMAN, BRADLEY PAULEY, JEFF S. WESTERMAN, JEANNE L. NISHIMOTO, STANLEY S. BISSEY ERIC A. ALTOON, MICHAEL FERN, JANA G. GARROTTO, THERESA A. LEETS, JASON R. PARNELL, JAMES A. SANTIAGO, IBIERE SECK, DENISE O. GASTELUM, ROBERT GLASSMAN, TERESA Y. HILLERY, JESSICA KRONSTADT, BENJAMIN G. SHATZ, DOUGLAS SILVERSTEIN, CAROLINE VINCENT, TAYLOR C. WAGNIERE, SANDRA K. WOOTTON, CYN YAMASHIRO, LOS ANGELES | **THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>DATE: December 16, 2022<br>TIME:  1:30 p.m.<br><br>COURTROOM: 6B<br><br>TRIAL DATE:    None Set |

0

COUNTY BAR ASSOCIATION, ARLENE BINDER, and 20 UNKNOWN NAMED DEFENDANTS,

Defendants.

1

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2234461

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...................................................................................1

II.     ARGUMENT ........................................................................................2

     A.     The Legal Standard for a Motion to Dismiss......................................3

     B.     The District Attorney Defendants Are Entitled To Absolute
          Prosecutorial Immunity...................................................................4

     C.     The Claims Against The Supervisor Defendants Fail As a Matter
          of Law ...........................................................................................5

          1.     The Supervisor Defendants Are Entitled To Legislative
               Immunity.............................................................................5

          2.     Plaintiff Fails to Allege a Policy, Custom, or Practice That
               Caused Him Harm ...............................................................6

          3.     The Supervisor Defendants Have No Authority Nor
               Liability For The Acts of Plaintiff's Private Counsel ...............8

          4.     The Supervisor Defendants Cannot Be Liable Under 42
               U.S.C. § 1983 for Actions by Plaintiff's Defense Counsel........9

     D.     Plaintiff's Individual Capacity Claims Fail To Allege Any
          Conduct By The County Defendants .................................................10

     E.     The County Defendants Are Entitled to Qualified Immunity
          Because The Law Is Not Clearly Established They Could be
          Liable For The Acts of Plaintiff's Private Counsel ............................10

     F.     The County of Los Angeles is the Only Proper Defendant if Any
          Aspect of this Action Survives This Motion ....................................11

     G.     Plaintiff's Claims Against the County Defendants Should be
          Dismissed Without Leave to Amend..................................................12

III.    CONCLUSION ....................................................................................13

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2234461

# TABLE OF AUTHORITIES

<u>Page</u>

## FEDERAL CASES

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................ 3, 4

*Bogan v. Scott-Harris*,
  523 U.S. 44 (1998)................................................................................ 5

*Butz v. Economou*,
  438 U.S. 478 (1978).............................................................................. 11

*Chappell v. Mandeville*,
  706 F.3d 1052 (9th Cir.2013) .............................................................. 11

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994)................................................................... 3

*Connick v. Thompson*,
  563 U.S. 51 (2011)................................................................................ 7

*DeSoto v. Yellow Freight Sys., Inc.*,
  957 F.2d 655 (9th Cir. 1992)................................................................ 12

*Hansen v. Black*,
  885 F.2d 642 (9th Cir 1989) ................................................................ 10

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982).............................................................................. 11

*Imbler v. Pachtman*,
  424 U.S. 409 (1976).............................................................................. 4

*Jones v. Williams*,
  297 F.3d 930 (9th Cir. 2002) ............................................................... 10

*Lacey v. Maricopa County*,
  693 F.3d 896 (9th Cir. 2012) ............................................................... 4

*Lal v. California*,
  746 F.3d 1112 (9th Cir. 2014) ............................................................. 11

*Lee v. Gates*,
  2001 WL 1098070, at *4 (C.D. Cal. Sept. 10, 2001) ......................... 12

*Longoria v. Pinal Cnty.*,
  873 F.3d 699 (9th Cir. 2017) ............................................................... 11

*Luke v. Abbott*,
  954 F. Supp. 202 (C.D. Cal. 1997) ...................................................... 12

*Megargee v. Wittman*,

ii

550 F. Supp. 2d 1190 (E.D. Cal. 2008) ................................................................. 12

*Monnell v. Dept. Soc. Servs.*,
  436 U.S. 658 (1978) ............................................................................................ 6

*Nelson v. County of Sacramento*,
  926 F. Supp. 2d 1159 (E.D. Cal. 2013) ............................................................. 10

*Pearson v. Callahan*,
  555 U.S. 223 (2009) ........................................................................................... 11

*Pembaur v. Cincinnati*,
  475 U.S. 469 (1986) ............................................................................................ 7

*Polk County v. Dodson*,
  454 U.S. 312 (1981) ........................................................................................ 9, 10

*Robinson v. San Bernardino County*,
  2019 WL 2616941 (C.D. Cal. May 3, 2019) ................................................... 9, 10

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ............................................................................. 12

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ............................................................................. 4

*Supreme Court of VA v. Consumers Union of the U.S.*,
  446 U.S. 719 (1980) ............................................................................................ 5

*Taylor v. List*,
  880 F. 2d 1040 (9th Cir. 1989) .......................................................................... 10

*Tenney v. Brandhove*,
  341 U.S. 367 (1951) ............................................................................................ 5

*Tsao v. Desert Palace, Inc.*,
  698 F.3d 1128 (9th Cir. 2012) ............................................................................. 7

## STATE CASES

*Hubbart v. Superior Court*,
  19 Cal. 4th 1138 (1999) ....................................................................................... 3

*Orozco v. Superior Court*,
  117 Cal. App. 4th 170 (2004) .............................................................................. 3

*People v. Orozco*,
  2007 WL 2411910, *5 (2007) .............................................................................. 3

*Reilly v. Superior Court*,
  57 Cal. 4th 641 (2013) ...................................................................................... 2, 3

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2234461

## STATE STATUTES

Cal. Welf. & Inst. Code § 6600(a)(1) ................................................................. 2

Cal. Welf. & Inst. Code § 6602(a) ....................................................................... 3

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

## I.  **INTRODUCTION**

Plaintiff Hernan Orozco claims that his constitutional rights were violated after he was detained pending trial to determine whether he was a sexually violent predator ("SVP").  He claims that the Superior Court, the Los Angeles County District Attorney's Office, and his private defense counsel failed to properly bring the People's SVP Petition to trial.  *See* Dkt 1, ¶ 14.  Rather than sue his private defense counsel for legal malpractice, he has launched this Section1983 Civil Rights action seeking $200 million in damages.

Among the defendants, Plaintiff names the five current and five past members of the Los Angeles County Board of Supervisors (the "Supervisor Defendants"), the prior two elected Los Angeles District Attorneys, as well as various deputy District Attorneys ("the DA Defendants").  Plaintiff asserts two causes of action, one against the defendants in their individual capacity and the other against them in their official capacities.  Both assert the same factual claims, and both are Section 1983 civil rights actions.

This motion is brought on behalf of current Board of Supervisors Kathryn Barger, Janice Hahn, Sheila Keuhl, Holly Mitchell, Hilda Solis, former Board of Supervisor Mike Antonovich, and current deputy District Attorney Erika Jerez – the only defendants counsel understands have been served as of the date of this motion (collectively, the "County Defendants")[1].  Plaintiff's claims against the County Defendants fail for at least six reasons:

- **Prosecutorial Immunity**:  The DA Defendants are immune from liability under the well-recognized doctrine of Prosecutorial Immunity.
- **Legislative Immunity**:  The Supervisor Defendants, as the County's legislative body, are entitled to Legislative Immunity.

---

[1] During their Local Rule 7-3 conference prior to the filing of this motion, defense counsel asked Plaintiff's counsel to identify which defendants had been served. Plaintiff's counsel said he could not provide that information until after defense counsel had appeared in the case.  *See* Baum Decl., ¶ 3.

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2234461

- **No Policy, Custom or Practice**:  Plaintiff does not allege, and cannot establish, that a County policy, custom, or practice caused his harm.
- **No Authority**:  The Supervisor Defendants Have no authority or control over the handling of his SVP case.
- **No Personal Action**:  Plaintiff does not allege any personal action by the County Defendants – a requirement to hold them liable in this case.
- **Qualified Immunity**:  All of the County Defendants are also entitled to Qualified Immunity because the law is not clearly established that they could be personally liable for the handling of Plaintiff's SVP case.

Each of these defects is found on the face of the Complaint and none can be cured by amendment.  As a result, Plaintiff's complaint should be dismissed ***with prejudice***.

## II.   ARGUMENT

This motion cannot be fully considered without some background and context about the underlying SVP statute.  California's Sexually Violent Predator Act gives the State the authority to civilly commit, for an indefinite amount of time, incarcerated individuals after the conclusion of their prison terms if they are found to be SVPs.  California Welfare and Institutions Code Section 6600(a)(1) defines an SVP as "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."

If an individual is determined to be a potential SVP following an initial screening, the California Department of Corrections and Rehabilitation refers him or her to the State Department of State Hospitals, where two mental health experts conduct a full evaluation.  *Reilly v. Superior Court*, 57 Cal. 4th 641, 647 (2013).  If both evaluators concur that the individual is an SVP, the Director of State Hospitals must forward a request for a petition for commitment to the county in which the

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2234461

individual was convicted.

Once an SVP petition is filed, the court must hold a probable cause hearing and review the SVP petition to determine if the person named in the petition is likely to engage in sexually violent predatory criminal behavior upon release. Cal. Welf. & Inst. Code § 6602(a). If the court finds probable cause, the court then orders a trial to determine whether the person is an SVP. *Reilly*, 57 Cal. 4th at 648; *Hubbart v. Superior Court*, 19 Cal. 4th 1138 (1999). If the detainee is found to be a SVP, he/she is remanded to the custody of the California state hospital system for an indefinite detention.

In this matter, Plaintiff's underlying SVP detention was not his first trip through the SVP process, nor his first detention as an SVP. Public case records show he was first tried, and found to be an SVP in 1999, whereupon he was committed to Atascadero State Hospital. *Orozco v. Superior Court*, 117 Cal. App. 4th 170, 173-74 (2004).

Plaintiff was again tried and found to be an SVP in 2005. *People v. Orozco*, 2007 WL 2411910, *5 (2007) (unpublished case cited only for publicly available information).

Plaintiff's complaint is silent about what appears to be at least his third potential SVP proceeding. As noted below however, the County Defendants have no potential liability to Plaintiff in this case.

### A.    The Legal Standard for a Motion to Dismiss

A claim must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint's allegations of material fact are taken as true, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To be entitled to the presumption of truth, allegations in a complaint "may not

3

2234461

simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *See Twombly*, 550 U.S. at 558–59 (citing the costs of discovery as a reason for requiring specificity in pleading).

**B.      The District Attorney Defendants Are Entitled To Absolute Prosecutorial Immunity**

As noted above, Plaintiff claims that there were "massive delays" in bringing his SVP case to trial.  *See* Dkt 1, ¶¶ 14, 131, 133.  He offers a laundry list of "reasons" for these delays, from failing to bring detainees to court, to "failing to meet reasonable deadlines," to "failing to bring cases to trial within the stipulated time period with the District Attorney's Office after the passage of Proposition 83."  *Id.* at ¶ 133.  While none of these claimed "reasons" relate to the District Attorney's Office, Plaintiff's claim has a bigger fatal defect as against the DA Defendants – the claims are barred *entirely* by absolute prosecutorial immunity:

> "Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."

*Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012); *see also Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (confirming that prosecutors are entitled to "absolute immunity" for claims asserted pursuant to 42 U.S.C. § 1983).

Plaintiff's claim attacks the DA Defendants at the very core of their performance of their official prosecutorial function.  The DA Defendants are absolutely immune from Plaintiff's claims, and therefore the DA Defendants (and the claims alleged against them) should be dismissed from this action.

//

Glaser Weil

4

2234461

**C.**     **The Claims Against The Supervisor Defendants Fail As a Matter of Law**

In addition to their claims against the DA Defendants, Plaintiffs also seek to hold the Supervisor Defendants liable for the alleged misconduct of the Court, the District Attorney's Office, and Plaintiff's private lawyer.  His claims against the Supervisor Defendants fail for at least three reasons:

**1.**     **The Supervisor Defendants Are Entitled To Legislative Immunity**

There is no question that the Supervisor Defendants are the legislative body of the County.  And courts have long recognized the doctrine of legislative immunity, which precludes suits against legislators for actions taken "in the sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998).  This immunity extends not only to affirmative actions taken by legislators, but also to omissions or failures to act. *Supreme Court of VA v. Consumers Union of the U.S.*, 446 U.S. 719, 734 (1980).

Plaintiff pleads no facts – ***no facts at all*** – against the six Supervisor Defendants who have been served and bring this motion.  In fact, their names are found in only two places – the caption, and in paragraph 1 of the complaint, where they are identified as defendants.

But Plaintiff has sued not only the current five board members, but also the prior five members.  There is no conceivable way that Plaintiff could seek to hold them liable except for conduct pursuant to their role as legislators.  Legislative activity remains legislative activity whatever the legislators' motives and intent might have been. *See Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) ("The claim of an unworthy purpose does not destroy the privilege [of legislative immunity].").

Since the only potential claim that Plaintiff could assert against the Supervisor Defendants falls within their legislative immunity, Plaintiff's claims (and the Supervisor Defendants) should be dismissed from this action.

2234461

## 2. Plaintiff Fails to Allege a Policy, Custom, or Practice That Caused Him Harm

Plaintiff's complaint does not allege, and Plaintiff cannot establish, that a County policy, custom, or practice caused his harm.  Rather, Plaintiff alleges a litany of alleged individual errors of his counsel, including "failing to file oppositions to motions and other petitions by the prosecution" and "allowing experts' reports to lapse or otherwise go stale."  *See* Dkt 1, ¶ 133.  But as the United States Supreme Court has made clear over the past 40+ years, these alleged individual errors of counsel cannot give rise to Section 1983 liability.

A local government entity is liable under Section 1983 only when an action pursuant to an official municipal policy of some nature causes a constitutional tort. *Monell v. Dept. Soc. Servs.*, 436 U.S. 658, 691 (1978).  To establish liability against the County Defendants, Plaintiff must establish that his constitutional rights were violated as a result of actions taken pursuant to an official policy or custom of the County Defendants, and that these customs or policies were the "moving force" behind the violation.  *Id*. at 694.  Put differently, a local government "cannot be held liable under § 1983 on a *respondeat superior* theory."  *Id.* at 691.

Plaintiff's complaint does not identify or allege any County-created policies or customs which he claims caused his alleged harm.  As such, his two Section 1983 claims fail to state a claim against the County Defendants.

Plaintiff tries to plead around this problem by identifying not a County policy or custom, but rather the ***failure*** to take certain actions.  For example, he alleges that the County failed to "implement internal measures," failed to "prioritize the oldest SVP case," and "institute tighter controls."  *See* Dkt 1, ¶ 141.  This type of claim has heightened pleading and proof requirements – Plaintiff must allege and prove "deliberate indifference":

> "After all, when a municipal employee commits a constitutional
> tort, it could always be alleged that the municipality failed to

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

enact a policy that would have prevented the tort."

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143-44 (9th Cir. 2012), *citing City of Canton v. Harris*, 489 U.S. 378 (1989).

The Supreme Court has also defined "deliberate indifference":

> "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."

*Connick v. Thompson,* 563 U.S. 51, 61 (2011).  Courts apply this "stringent standard" of fault because applying anything less "'would result in *de facto respondeat superior* liability'" for municipalities.  *Connick,* 563 U.S. at 61-62 (2011) (quoting *Canton*, 489 U.S. at 392).  This is because municipal liability under section 1983 "'attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers."  *City of Canton*, 489 U.S. at 389 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality)).

In addition to failing to plead any custom or policy that caused his alleged harm, Plaintiff's complaint also fails to set forth deliberate indifference to his constitutional rights, as he fails to allege the existence of meaningful choices by County Defendants that led to the alleged violations of his rights.

Finally, Plaintiff also alleges that his alleged harm was caused by the failure to train unstated and unidentified County employees.  *See* Dkt 1, ¶¶ 143, 147.  A "failure to train" claim under Section 1983 also requires heightened proof and pleading of deliberate indifference:

> "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under §1983."

*Canton*, 489 U.S. at 389.

As noted above, Plaintiff's complaint comes nowhere close to meeting this

7

2234461

stringent pleading and proof requirement.

### 3.   The Supervisor Defendants Have No Authority Nor Liability For The Acts of Plaintiff's Private Counsel

Plaintiff's complaint reveals another fatal flaw in his theory, in that he judicially admits that he at all relevant times was represented *not by a Los Angeles County Public Defender* or other County employee *but by a private lawyer*. He goes even further. He names that private lawyer – defendant Binder – and admits that Mr. Binder was provided for him through the Los Angeles County Bar Association's "Indigent Defense Program." *See* Dkt 1, ¶ 13.

In other words, the lawyer whom Plaintiff claims caused his harm was not a County employee. He did not work for a County agency. Rather, he was provided to Plaintiff by the Los Angeles County Bar Association (the "Bar Association").

Public records show that the Bar Association has its own leadership structure. Public records show that the Bar Association has its own Executive Committee and its own Board of Trustees.[2] Its own "Indigent Defense Program" staff, including a director and two assistant directors.[3] An advisory Committee dedicated to "Indigent Criminal Defense Appointments."[4] And its own "Indigent Criminal Defense Appointments Program" with its own dedicated telephone number.[5]

Plaintiff clearly knew and understood that his lawyer was provided by the Bar Association when he filed this complaint; he named their Executive Committee and Board of Trustee members as defendants. Perhaps those individuals have oversight and supervisorial authority over Plaintiff's private lawyer. But the County obviously does not.

Aware of these defects in his complaint, Plaintiff tries to craft a theory of

---

[2] https://lacba.org/?pg=executive-committee#board
[3] https://lacba.org/?pg=lacba-staff
[4] *See* Baum Decl., Exhibit A, at p.5 (printed from the Bar Association's website)
[5] https://lacba.org/?pg=contact-us

8

2234461

liability for the Supervisor Defendants by alleging that they learned of the delays through its "management" of the Bar Association's program.  *See* Dkt 1, ¶ 136. Plaintiff pleads no facts or evidence whatsoever to support his contention that the Supervisor Defendants "managed" the Bar Association's program, and for good reason – the County does not.  Plaintiff's mere (and demonstrably false) conclusions are insufficient to create liability on the County's behalf for the alleged (mis)conduct of a private lawyer provided to Plaintiff by the Bar Association.

### 4. The Supervisor Defendants Cannot Be Liable Under 42 U.S.C. § 1983 for Actions by Plaintiff's Defense Counsel

Plaintiff's private counsel provided the same function in this case as do the County's Public Defendants.  Public defenders are generally immune from suit in actions brought under 42 U.S.C. § 1983 because they do not act under color of state law when they access their independent professional judgment in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). This applies to the training and ***supervision*** of attorneys in public defenders' offices. *See Robinson v. San Bernardino County*, No. 5:18-cv-00906 VAP (ADS), 2019 WL 2616941, *7-8 (C.D. Cal. May 3, 2019) (holding that alleged failure to train and supervise subordinate public defenders is not administrative, as such supervision is measured and controlled by legal professional standards).

Plaintiff's allegations against the Supervisor Defendants are entirely premised on Plaintiff's purported theory that the Supervisor Defendants had the obligation to supervise the Bar Association's program and the private lawyers provided to criminal defendants through that program.  *See* Dkt 1, ¶¶ 135, 136.  While that is not true (as noted above), it does not matter because even if such an obligation existed, it could not lead to Section 1983 liability because, to do so, the Supervisor Defendants would be engaged in the traditional functions of defense counsel.

Accordingly, because Plaintiff's theory of the Supervisor Defendants' liability is based on their purported "required, regular management, supervision and

9

2234461

administration of the IDP program" (*id.* at ¶ 136), Plaintiff alleges that the Supervisor Defendants were engaged in the traditional functions of defense counsel—meaning that they cannot be liable under Section 1983. *See Polk County*, 454 U.S. at 324; *see also Robinson*, 2019 WL 2616941 at *7-8 (holding that alleged failure to train and supervise subordinate public defenders is not administrative, as such supervision is measured and controlled by legal professional standards).

Accordingly, the Supervisor Defendants similarly cannot be liable under Section 1983 per the rationale above. This is yet one more reason why the claims against the Supervisor Defendants should be dismissed.

**D.** **Plaintiff's Individual Capacity Claims Fail To Allege Any Conduct By The County Defendants**

Plaintiff makes clear in his complaint that each of the County Defendants are sued in their "individual capacities" *See* Dkt 1, ¶ 4.

In order to plead a personal capacity claim against the County Defendants, Plaintiffs must allege their "personal participation" in the alleged unlawful conduct asserted in the case. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir 1989); *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989); *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1165 (E.D. Cal. 2013).

Plaintiff alleges no such participation by any of the County Defendants. Indeed, as noted above, each County Defendant is mentioned only twice – in the caption, and in paragraph 1 of the Complaint identifying them as a defendant. *See* Dkt 1, ¶ 1.

As such, Plaintiff fails to plead a personal capacity claim against any of the County Defendants.

**E.** **The County Defendants Are Entitled to Qualified Immunity Because The Law Is Not Clearly Established They Could be Liable For The**

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2234461

**Acts of Plaintiff's Private Counsel**

The County Defendants are immune from liability in this case for the additional and distinct reason that they are entitled to Qualified Immunity.  The County Defendants are entitled to Qualified Immunity because the law is not clearly established they could be ***personally*** liable for the handling of Plaintiff's SVP case.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Longoria v. Pinal Cnty.,* 873 F.3d 699, 704 (9th Cir. 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  Qualified immunity exists to shield government officials from liability for "mere mistakes in judgment, whether the mistake is one of fact or one of law."  *Butz v. Economou,* 438 U.S. 478, 507 (1978). In determining whether an official is entitled to qualified immunity, courts consider "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct."  *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (internal citations omitted).

As set forth in this Motion, precedent refutes Plaintiff's conclusory allegations that the County Defendants can be liable under for any of his Section 1983 claims. Accordingly, because the County Defendants' alleged conduct "does not violate clearly established statutory or constitutional rights," qualified immunity is triggered on behalf of the County Defendants, precluding their liability for this additional reason.  *Chappell v. Mandeville,* 706 F.3d 1052, 1056 (9th Cir.2013) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

F.    **The County of Los Angeles is the Only Proper Defendant if Any Aspect of this Action Survives This Motion**

Plaintiff also alleges that each of the County Defendants (except for the formerly elected officials) are also sued in their official capacities.  Plaintiff's official capacity claims are equally defective because the relevant County *entity* is the real

11

2234461

defendant in interest, not the *individual* officials and employees sued in their official capacity. *Megargee v. Wittman*, 550 F. Supp. 2d 1190, 1206 (E.D. Cal. 2008). Post-*Monell*, Central District Courts have dismissed claims against individual officials on this basis. *See*, *e.g.*, *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997); *Lee v. Gates*, 2001 WL 1098070, at \*4 (C.D. Cal. Sept. 10, 2001) ("This Court agrees with the reasoning of the *Luke* court and finds that it is appropriate in this case to dismiss this official capacity *Monell* claim against these Councilmember Defendants and substitute the City of Los Angeles in their stead as a defendant for this claim.").

The *Luke* court explained its reasoning in no uncertain terms:

> "After the *Monell* holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity. ***To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys['] fees***. A plaintiff cannot elect which of the defendant formats to use. . . . If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant."

*Luke*, 954 F. Supp. at 204 (emphasis added). There is no basis to name the County Defendants, as opposed to the County itself. Naming them individually will not further any legitimate interest of the Plaintiffs, and the Court should dismiss the claims against the County Defendants and substitute instead the County.

**G.    Plaintiff's Claims Against the County Defendants Should be Dismissed *Without Leave* to Amend**

The County Defendants recognize the Ninth Circuit's liberal policy favoring amendments in response to a motion to dismiss like this one. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. See, e.g., *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the

*Glaser Weil*

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2234461

pleadings before the court demonstrate that further amendment would be futile.").

While Plaintiff could attempt to amend his complaint to offer additional factual allegations about each of the County Defendants, any amendment that Plaintiff could hope to offer in response to this motion would be futile. There is nothing Plaintiff could offer that would eliminate the absolute prosecutorial and legislative immunities to which the County Defendants are entitled. There is nothing Plaintiff could offer that would suddenly make the County of Los Angeles liable for the alleged (mis)conduct of Plaintiff's private lawyer. There is nothing Plaintiff could offer that would suddenly create an obligation on behalf of the County to monitor or supervise the Bar Association's program. These defects are fatal, and cannot be cured. Plaintiff's complaint should be dismissed in its entirety *with prejudice*.

## III.    CONCLUSION

For the reasons above, the County Defendants respectfully request that this Court grant Defendants' Motion and Dismiss Plaintiff's complaint in its entirety ***with prejudice***.

DATED: November 9, 2022

Respectfully submitted,

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

_____

ANDREW BAUM
OLIVIA M. WEISS

Attorneys for Defendants Kathryn Barger, Janice Hahn, Sheila Keuhl, Holly Mitchell, Mike Antonovich, Hilda Solis, and Erika Jerez

THE COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

2234461