DAVID D. SAMANI, SB# 280179
  E-Mail: David.Samani@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant ARLENE BINDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| H. OROZCO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KATHRYN BARGER, JANICE HAHN, SHEILA KEUHL, HOLLY MITCHELL, HILDA SOLIS, MICHAEL ANTONOVICH, DON KNABE, ZEV YAROSLAVSKY, MARK RIDLEY-THOMAS, GLORIA MOLINA, JACQUELINE LACEY, STEPHEN L. COOLEY, MICHAEL DE ROSE, DIANE C. LABRUSCIANO, KAREN THORPE, ERIKA JEREZ, ANN I. PARK, SARVENAZ BAHAR, JEFFREY B. MARGUILES, CHRISTINE GOODMAN, BRADLEY PAULEY, JEFF S. WESTERMAN, JEANNE L. NISHIMOTO, STANLEY S. BISSEY, ERIC A. ALTOON, MICHAEL FERN, JANA G. GARROTTO, THERESA A. LEETS, JASON R. PARNELL, JAMES A. SANTIAGO, IBIERE SECK, DENISE O. GASTELUM, ROBERT GLASSMAN, TERESA Y. HILLERY, JESSICA KRONSTADT, BENJAMIN G. SHATZ, DOUGLAS SILVERSTEIN, CAROLINE VINCENT, TAYLOR C. WAGNIERE, SANDRA K. WOOTTON, CYN YAMASHIRO, LOS ANGELES COUNTY BAR ASS'N. ARLENE | Case No. 2:22-cv-07014-FLA-JC<br><br>**DEFENDANT ARLENE BINDER'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　January 6, 2023<br>Time:　　1:30 p.m.<br>Crtrm.:　6B<br><br>[The Hon. Fernando L. Aenlle-Rocha – Courtroom 6B]<br><br>[*Filed concurrently with Proposed Order*]<br><br>Action Filed:　　September 28, 2022 |

4896-1497-5296.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

BINDER, and 20 UNKNOWN NAMED DEFENDANTS,

Defendants.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 6, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6B of the above-entitled courthouse, located at 350 West First Street, Los Angeles, CA, 90012, Defendant ARLENE BINDER ("Ms. Binder") will and hereby does move to dismiss Plaintiff H. OROZCO's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state facts sufficient to state a valid claim for relief against Ms. Binder.  The allegations in the Complaint establish that Ms. Binder represented Plaintiff as assigned counsel, and therefore is not a "state actor" who may be subject to a claim under 42 U.S.C. § 1983.

Counsel for Ms. Binder initiated a meet and confer session with Plaintiff's counsel pursuant to Local Rule 7-3 on November 17, 2022.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Complaint, the pleadings and papers on file with the Court in this matter, all matters upon which this Court must or may take judicial notice, and upon all argument that this Court may allow at the time of hearing the Motion.

DATED:  November 29, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

                                   By:      /s/ David D. Samani
                                        DAVID D. SAMANI
                                        Attorneys for Defendant ARLENE
                                        BINDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff H. OROZCO's ("Plaintiff") attempt to shoehorn his former appointed counsel ARLENE BINDER ("Ms. Binder") into this civil rights lawsuit is without merit.  It is beyond settled that a defense attorney representing a client—regardless of whether the attorney is privately retained or appointed by the state—is *not* a state actor.  Consequently, Plaintiff is foreclosed from establishing a necessary element of his claim under 42 U.S.C. § 1983.  Ms. Binder therefore respectfully urges the Court to grant her Motion to Dismiss.

## II.  STATEMENT OF FACTS

### A.  Plaintiff's Alleged Civil Rights Violation

Plaintiff alleges a claim for "deliberate indifference" in violation of his Sixth Amendment and Fourteenth Amendment rights based on a purported failure to timely have a hearing on his status as a Sexually Violent Predator ("SVP").[1]  (See Complaint, ¶ 1.)  In broad strokes, Plaintiff complains that the Los Angeles Superior Court, Los Angeles County District Attorney's Office, Los Angeles County Bar Association's "Indigent Defense Programs [sic] ("IDP")," maintain customs and practices which lead to delays in bringing SVP matters to trial.  (See, e.g., Complaint, ¶¶ 131-135.)

In essence, Plaintiff asserts a litany of practices that allegedly contribute to these delays, ranging from failing to obtain clients' consent to continuances to failing

---

[1]   "When convicted sex offenders have a diagnosed mental disorder making it likely they would engage in sexually violent behavior if released, they are subject to civil commitment proceedings under the Sexually Violent Predators Act (SVPA; Welf. & Inst. Code, § 6600 et seq.)."  *County of San Diego v. Comm'n on State Mandates*, 6 Cal. 5th 196, 200 (2018).  The SVPA establishes a specific procedure for the filing of a commitment petition, and a further procedure for the handling of a petition, which includes the right to counsel for an SVP.  *See generally Reilly v. Superior Court*, 57 Cal. 4th 641, 646-648 (2013) (discussing statutory framework).

4896-1497-5296.1                                1

Case No. 2:22-cv-07014-FLA-JC
MOTION TO DISMISS – 12(b)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

to properly seek dismissal for failure to have SVP cases tried in a timely fashion. (Complaint, ¶ 133.)

Plaintiff asserts that he too was a purported victim of these delays, and contends that a Superior Court judge determined that Plaintiff's due process rights were violated, purportedly leading to his release.  (Complaint, ¶ 11.)  (Of note, though, Plaintiff's Complaint actually pleads what truly transpired:  he was not released because of a "due process violation" but instead because the Hon. Daniel J. Lowenthal concluded after a trial on the merits that the State could not meet its burden for Plaintiff's continued incarceration as an SVP.)  (Complaint, ¶ 12.)

### B.      Ms. Binder's Role As Assigned Counsel For Plaintiff

The Complaint establishes that Ms. Binder served as Plaintiff's assigned attorney under the IDP program.  (Complaint, ¶ 11.)  The Complaint does not allege that Ms. Binder played any role other than to serve as appointed counsel for Plaintiff in connection with Plaintiff's SVP Proceeding.  (Complaint, ¶ 11, 13, 15.)

## III.   THE COMPLAINT DOES NOT STATE FACTS SUFFICIENT TO GIVE RISE TO A VIABLE CLAIM FOR RELIEF AGAINST MS. BINDER

### A.      Standards Governing A Motion To Dismiss

A 12(b)(6) motion tests the legal sufficiency of the claim stated in the complaint and therefore dismissal is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4896-1497-5296.1                                        2

Case No. 2:22-cv-07014-FLA-JC
MOTION TO DISMISS – 12(b)(6)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. A complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Moreover, when considering a pleading, a Court properly disregards allegations made in "shotgun" style—i.e., a complaint that lumps all the defendants together, "without identifying what the particular defendants specifically did wrong," thus, "depriv[ing] defendants of knowing exactly what they are accused of doing wrong." *Shin v. Time Squared Glob. LLC,* No. 15-cv-000943, 2015 WL 13284952, at *3 (C.D. Cal. Aug. 26, 2015). These pleadings ignore the "short and plain statement" requirement of Rule 8 "by identifying multiple defendants and charging all defendants in each count." *Destfino v. Kennedy*, No. 08-cv-1269, 2009 WL 63566, at *6 (E.D. Cal. Jan. 8, 2009); *see also Shin*, 2015 WL 13284952, at *3 ("One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong."); *Hughey v. Drummond*, No. 14-cv-00037, 2014 WL 5797365, at *5 (E.D. Cal. Nov. 6, 2014) (dismissing complaint for shotgun pleading due to plaintiff's incorporating factual allegations into each claim and lumping defendants together).

**B.      Plaintiff Cannot Plead A Viable Civil Rights Claim Against Ms. Binder Because The Complaint's Allegations Demonstrate Ms. Binder Was Not A State Actor**

A claim violation of civil rights under 42 U.S.C. §1983 must satisfy at least two elements: (1) the plaintiff must have been "deprived of a right 'secured by the Constitution and the laws of the United States'"; and (2) the plaintiff must have been deprived of this right by a defendant acting under color of state law. *Flagg Bros. v.*

4896-1497-5296.1                                              3

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

But criminal defense attorneys, including public defenders and other appointed attorneys, are considered private parties who do not act under color of state law. *See Vermont v. Brillon*, 556 U.S. 81, 91, 129 S. Ct. 1283, 173 L. Ed. 2d 231 (2009) ("[A]ssigned counsel ordinarily is not considered at state actor."); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal of civil rights claim against public defender).

The Supreme Court emphatically rejected the contention that criminal defense counsel constituted a "state actor" merely because the attorney was paid by the state in *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). The *Polk County* Court reasoned that an attorney appointed to defend a party is acting as an advocate, and in that role is the *state's adversary*:

> [I]t is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities.

*Id.* at 320.

Further, in reasoning that a public defender / appointed counsel cannot be a state actor, the *Polk County* Court noted that once an attorney "has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program." *Id.* at 318.

Under this rubric, whether the assigned attorney acted with due care—i.e., did the appointed job well—is irrelevant from a civil rights perspective. *Miranda*, 319 F.3d at 469. As the Ninth Circuit held in *Miranda*:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

According to the allegations of the complaint, the conduct of Rigsby was well below the accepted standard of representation of a capital defendant.   Given a client who had pled innocent and provided the names of dozens of witnesses who could provide information about the client's innocence and the guilt of the actual perpetrator, the lawyer did essentially nothing.  He subpoenaed no witnesses and mounted no defense.  We assume, for purposes of this case, his conduct was deficient and to the detriment of his client.

The issue before us, however, is whether in providing inadequate representation to this defendant, Rigsby was acting on behalf of the Clark County government, so as to become a state actor within the meaning of § 1983.  He was, no doubt, paid by government funds and hired by a government agency.   Nevertheless, his function was to represent his client, not the interests of the state or county. The result reached by both the district court and the three-judge panel in this case, in holding he was not a state actor, is required by the Supreme Court's decision in *Polk County*. Rigsby had assumed his role as counsel and thus had begun to perform a 'lawyer's traditional functions.'

So it is here.  Plaintiff's specific allegations establish that Ms. Binder served as Plaintiff's appointed counsel.  Plaintiff's civil rights claim is brought against an attorney who acted as Plaintiff's advocate.  It is settled that Ms. Binder, then, was not a state actor.  Consequently, Plaintiff cannot assert a civil rights claim against her.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4896-1497-5296.1

5

Case No. 2:22-cv-07014-FLA-JC
MOTION TO DISMISS – 12(b)(6)

## IV.  CONCLUSION

A necessary predicate to Plaintiff's claim for relief is that a defendant acted under color of state law.  Ms. Binder, though, was appointed counsel for Plaintiff. Her duties ran to Plaintiff, and her job was adversarial to the state.  Ms. Binder was not acting under state law, dooming Plaintiff's civil rights claim against her.

Accordingly, Ms. Binder respectfully urges the Court to grant her Motion to Dismiss.

DATED:  November 29, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:        /s/ David D. Samani
_____
DAVID D. SAMANI
Attorneys for Defendant ARLENE BINDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4896-1497-5296.1

6